IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SPIKER RYAN CAHALAN                                                                                      PLAINTIFF

v.                                            Case No. 1:22-cv-01014

CAPTAIN RICHARD MITCHAM; CASEY
BLACK SANFORD, Nurse; JERRY JUNEAU,
Citi-Tele-Coin Chief Operating Officer; and
TURN KEY MEDICAL PROVIDERS                                                                   DEFENDANTS

## ORDER

Plaintiff Spiker Ryan Cahalan filed this 42 U.S.C. § 1983 action *pro se* on March 17, 2022. ECF No. 1. That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. ECF No. 3. This order informed Plaintiff of his obligation to notify the Court of any change of address within thirty days of his release from incarceration or transfer to another facility. *Id.* In response to this Court's order, Plaintiff filed an Amended Complaint to address deficiencies in the original Complaint. ECF No. 7.

On April 12, 2022, the Court ordered Plaintiff to file a Second Amended Complaint to clarify his claims. ECF No. 8. On May 2, 2022, that Order was mailed to Plaintiff at his address of record and was returned as undeliverable, indicating "RTS…Inmate no longer here." ECF No. 9. Currently before the Court is Plaintiff's failure to keep the Court informed of his address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that Plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 6th day of June 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge